IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02049-NRN

C.H.,

Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant.

## OPINION AND ORDER

**N. Reid Neureiter**
**United States Magistrate Judge**

The government determined that Plaintiff C.H.[1] was not disabled for purposes of the Social Security Act. AR[2] 63. Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. #10.

## Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge (ALJ) to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,*

---

[1] Pursuant to D.C.COLO.LAPR 5.2, "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."

[2] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. Dkt. ##9, and 9-1 through 9-9.

500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes a mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). However, it must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d, 1067, 1070 (10th Cir. 2007). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

**Background**

At the second step of the Commissioner's five-step sequence for making determinations,[3] the ALJ found that Plaintiff has the severe impairments of learning disorder, anxiety, and obesity. AR 55. Plaintiff's other impairments of microphthalmia of the left eye, diabetes mellitus, hypertension, and neurodevelopmental disorder were deemed non-severe. *Id.*

The ALJ determined at step three that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the regulations. AR 55–58. After the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform

> [medium] work as defined in 20 CFR 404.1567(c) except he is limited to performing simple, routine, repetitive work. He can interact appropriately with coworkers and supervisors and the public on a brief, occasional basis. He can ask for help as needed, recognize and correct mistakes.

AR 58.

---

[3] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

The ALJ found that Plaintiff is unable to perform his past relevant work as a bagger. AR 62. Considering Plaintiff's age,[4] education, work experience, and RFC, and in light of the testimony of a vocational expert ("VE"), the ALJ determined that there are other jobs that exist in significant numbers in the national economy that he can perform, such as caretaker, cleaner, hand packager, and cleaner housekeeping. AR 62–63. Accordingly, Plaintiff was deemed not to have been under a disability from September 15, 2014, through November 30, 2021, the date of the decision. AR 63.

## Analysis

Plaintiff argues that the ALJ's finding of non-disability should be reversed on several grounds. Plaintiff first takes issue with ALJ's determination that Plaintiff does not have any severe physical impairments apart from obesity. He next argues that the Appeals Council should have considered his post-decision Functional Capacity Evaluation (FCE). Plaintiff further contends the ALJ improperly weighed medical opinion evidence and Plaintiff's past work history, and that the ALJ demonstrated some form of bias by asking Plaintiff about work and insurance issues.

**I. The ALJ's Evaluation Plaintiff's Physical Impairments**

Plaintiff first contends the ALJ erred at step two by determining that several of his physical impairments are not severe.

At step two the Commissioner determines whether a claimant has any severe physical or mental impairments. *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). "To find a 'severe' impairment at step two requires only a threshold showing that

---

[4] Plaintiff's Opening Brief gives his date of birth as April 18, 1979. Dkt. #13 at 2. This is wrong; it is January 23, 1968.

4

the claimant's impairment has 'more than a minimal effect on [her] ability to do basic work activities.'" *Covington v. Colvin*, 678 F. App'x 660, 664 (10th Cir. 2017) (quoting *Williams*, 844 F.2d at 751). But "the claimant must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). "[I]f the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, irrespective of vocational factors, the impairments do not prevent the claimant from engaging in substantial gainful activity." *Id.* (citing *Williams*, 844 F.2d at 751).

Here, the ALJ found that Plaintiff's microphthalmia of the left eye, diabetes mellitus, hypertension, and neurodevelopmental disorder, considered singly or in combination, did not cause more than minimal limitations on his ability to perform basic work activities. AR 55. Specifically, the ALJ noted that Plaintiff's microphthalmia of the left eye was non-severe given that (1) the condition is stable with medicated eye drops; (2) Plaintiff drives and maintains a valid license; and (3) Plaintiff has had the condition since birth and was still able to perform work in the past. *Id.* As to Plaintiff's diabetes mellitus and hypertension, the ALJ noted that both conditions were controlled with medication, and he had normal findings on physical examinations. *Id.* Finally, Plaintiff's medical records contained no evidence of diagnosis or treatment for a neurodevelopmental disorder. *Id.*

Plaintiff appears to specifically object that the ALJ ignored physical issues like fatigue and pain caused by his diabetes. The Court first notes that even if the ALJ erred by failing to find that Plaintiff's other physical conditions are severe impairments, such error does not necessarily require reversal. It is settled law in the Tenth Circuit that

5

"[o]nce the ALJ finds that the claimant has *any* severe impairment, [she] has satisfied the analysis for purposes of step two. [Her] failure to find that additional alleged impairments are also severe is not in itself cause for reversal." *Hill v. Astrue*, 289 F. App'x 289, 292 (10th Cir. 2008) (unpublished) (emphasis in original) (citing *Oldham v. Astrue*, 509 F.3d 1254, 1256–57 (10th Cir. 2007)). Here, the ALJ did find that Plaintiff had severe impairments, and proceeded on to steps three through five.

Moreover, many of the references cited by Plaintiff regarding his physical limitations are his own reports and those of his friend Mr. O'Hair. *See* AR 87–88, 291, 308–309, 317, 318, 320, 326. The ALJ ultimately determined that Plaintiff's "daily activities along with the objective medical evidence . . . establish[] that [he] has a greater sustained capacity than he alleges." AR 61. The objective medical evidence supports the ALJ's finding. *See, e.g.,* AR 361, 394, 398, 403, 408, 437, 442, 447, 449, 454, 463, 468, 475, 481, 491, 497, 504, 511, 518, 545, 552, 568, 619, 647, 654, 687, 694 (indicating that Plaintiff's diabetes mellitus and hypertension were being treated and controlled with medication and lifestyle adjustments). The record also shows that Plaintiff's regular physical examinations during the relevant period (26 in all) were normal. *See* AR 367, 372, 379, 383, 389, 425, 472, 479, 485, 495, 501, 508, 516, 522, 543, 549, 555, 561, 571, 623, 651, 658, 663, 691, 698, 703. And both Dr. Meites and Dr. Gillum, consultative examiners whom the ALJ found somewhat persuasive, determined that Plaintiff had no severe physical medically determinable impairments and no workplace limitations. *See* AR 109–10, 122–23. The ALJ did reject the opinion of Dr. Lucero, a psychologist, that Plaintiff is limited to sedentary work because such opinion fell outside the scope of Dr. Lucero's examination and practice area and was

6

inconsistent with the medical evidence.[5] But she nonetheless limited to Plaintiff to medium work. In short, the Court cannot say that this RFC was not supported by substantial evidence.

## II. Plaintiff's Late Submission of the FCE

Plaintiff next argues that the Appeals Council should have considered the FCE he completed on January 25, 2022, about two months after the ALJ's decision. The Court disagrees.

The Appeals Council will review a claimant's case where, among other things,

> We receive additional evidence that you show is new, material, and relates to the period on or before the date of the hearing decision. You must also show there is a reasonable probability that the additional evidence would change the outcome of the decision. You must show good cause for why you missed informing us about or submitting it earlier.

AR 1–2; *see also* 20 C.F.R. § 404.970(a)(5). If the Appeals Council determines the newly submitted evidence is not new, material, or temporally relevant and, therefore, declines to consider it, that determination is reviewed de novo. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (citation omitted).

Here, the Appeals Council denied Plaintiff's request that it review the FCE:

> You submitted a functional capacity evaluation and report from Kristine M. Coach, OTR, dated January 25, 2022 (36 pages). The Administrative Law Judge decided your case through November 30, 2021. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 30, 2021.

---

[5] Although Plaintiff points out in his Opening Brief that the ALJ discounted Dr. Lucero's opinion, he does not argue or in any describe how or why this was a reversible error, and the Court will not do his work for him. *See Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009) ("'Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal.'") (quoting *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n,* 483 F.3d 1025, 1031 (10th Cir. 2007)).

> If you want us to consider whether you were disabled after November 30, 2021, you need to apply again. If you file a new claim for disability insurance benefits within six months after you receive this letter, we can use February 2, 2022, the date of your request for review, as the date of your new claim. The date you file a new claim can make a difference in the amount of benefits we can pay.

AR 2.

The Court agrees with the Commissioner that Plaintiff has not shown that the FEC pertains to his functioning during the relevant period of 2014 through November 2021. The FEC was performed two months after the decision was issued. This delay is not significant. That said, the more pressing issue is that there is nothing in the FEC that specifically links the functional limitations noted by Ms. Coach to Plaintiff's impairments, regardless of whether the ALJ deemed them severe or non-severe. In other words, while Ms. Coach relates that Plaintiff suffers from diabetes and hypertension, she does not state what symptoms, if any, stem from them. Moreover, there is no indication that that Ms. Coach had a preexisting treating relationship with Plaintiff that relates back to relevant period, which is important because her findings conflict with the years-long longitudinal record that shows that Plaintiff's diabetes and hypertension were well controlled. Under these circumstances, the Appeals Council's conclusion that the FEC was not relevant to the covered period was appropriate.

### III. Plaintiff's Other Arguments

Finally, the Court dispenses with Plaintiff's remaining arguments, which appear to have been put forth half-heartedly and which Plaintiff's counsel did not advance at oral argument.

Plaintiff argues that the ALJ did not "accurately" consider his intellectual limitations in combination with his physical impairments. However, the ALJ *did*

8

determine that Plaintiff had serious mental impairments. Plaintiff's arguments regarding the "accuracy" of how the ALJ evaluated them merely amounts to a request for the Court to reweigh evidence, which is not permitted.

Plaintiff also claims that the ALJ should have considered Plaintiff's ability to perform part-time work as substantial evidence of Plaintiff's maximum work output, as opposed to "tend[ing] to show the claimant was not limited to the extent alleged," as was determined by the ALJ. Again, the Court must reject this invitation to step into the role of trier of fact and weigher of evidence.

Plaintiff's next argument that the ALJ should have elicited testimony from the VE about sedentary work is without merit. The ALJ only had to ask the VE about the effect of limitations ultimately assessed, not those she did not believe applied. *See Smith v. Colvin,* 821 F.3d 1264, 1270 (10th Cir. 2016).

Finally, Plaintiff believes that the ALJ's "question[ing him] about his financial situation, including whether he had a Trust,  whether he shops at Whole Foods (a more expensive food chain), whether people help him with his finances, his health insurance, and whether people are paid to do work for him . . . indicate a bias against Plaintiff." However, Plaintiff cites no authority that such questions, in and of themselves, constitute sufficient evidence of bias to justify a remand.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is **AFFIRMED.**

Plaintiff's Complaint (Dkt. #1) is **DISMISSED**.

Dated this 2nd day of June, 2023

                              BY THE COURT:

                              N. Reid Neureiter
                              United States Magistrate Judge